UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 5:26-CR-50011-03-CCT |
| Plaintiff, | |
| vs. | **ORDER DENYING** |
| | **MOTION FOR SEVERANCE** |
| STEVEN MARTIN SHANGREAU, III, SAMUEL BERT RICHARD, JR., and DALE JOSEPH MARTIN, JR., | |
| Defendants. | |

Defendant Dale Martin, Jr. filed a motion for severance pursuant to Federal Rules of Criminal Procedure 8 and 14. Docket 53. Martin asserts that he is being prejudiced by the motions filed by his co-defendants because the motions are delaying his right to a speedy trial. *Id.* He also argues that there is no evidence, "outside of statements made by interested parties to this case," that indicate he had any involvement in the alleged robbery. Docket 55 at 2. The government opposes the motion, arguing that the defendants were properly joined as all offenses charged in the indictment stem from the same series of events and because Martin has not raised sufficient grounds to justify severance. Docket 58.

## BACKGROUND

The superseding indictment contains five separate counts. Docket 22. Count 1 is asserted against all defendants and alleges that on October 29, 2025, "the defendants, Steven Martin Shangreau III, Samuel Bert Richard, Jr.,

1

and Dale Joseph Martin, Jr., a/k/a 'Scud', Indian persons, aiding and abetting each other, did by force, violence, and intimidation, attempt to take from the person and presence of Jessica Chase, a thing of value, that is, U.S. currency, all in violation of 18 U.S.C. §§ 1153, 2, and 2111." *Id.* at 1. This is the only count brought against Martin.

The other four counts are also alleged to have occurred on October 29, 2025. Count 2 alleges that Shangreau assaulted Lance Davis with a firearm with intent to do bodily harm to Davis. *Id.* at 2. Count 3 alleges that Richard unlawfully assaulted Jessica Chase, and the assault resulted in serious bodily injury. *Id.* Count 4 alleges that Richard unlawfully assaulted Donovan Chase, and the assault resulted in serious bodily injury. *Id.* Count 5 alleges that Shangreau "knowingly brandished a firearm in furtherance of a crime of violence," namely, assault with a dangerous weapon. *Id.*

On May 8, 2026, Richard filed a motion for a continuance to allow for additional time to review discovery and continue plea discussions. Docket 51. The government did not object, and co-defendant Shangreau joined the motion. Docket 52.  Martin objected. *Id.* The Court overruled Martin's objection and found "that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendants in a speedy trial[.]" *Id.* at 1. The Court therefore granted Richard's motion for a continuance. *Id.* Shortly thereafter, on May 13, Martin filed the pending motion to sever. Docket 53.

## DISCUSSION

### A. Severance Pursuant to Fed. R. Crim. P. 8(b)

When considering a motion for severance, the district court must first determine whether joinder was proper under Federal Rule of Criminal Procedure 8. *United States v. Darden*, 70 F.3d 1507, 1526 (8th Cir. 1995). Rule 8(b) provides that two or more defendants may be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). The Supreme Court has held that "[t]here is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). "Joint trials play a vital role in the criminal justice system" by promoting efficiency and serving "the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (citations and internal quotations marks omitted).

The government provided a summary of what it anticipates the evidence at trial will show, specifically, that on October 29, 2025, Martin, Richard, and Shangreau were traveling in a truck together and planned the robbery. Docket 58 at 2. Martin was driving and orchestrated the plan. *Id.* He assigned roles to Richard and Shangreau and acquired a firearm for use in the robbery by Shangreau. *Id.* Martin then drove Richard and Shangreau to the victims' residence. *Id.* The government contends that Richard and Shangreau entered the victims' residence with intent to commit robbery, and Shangreau brandished the firearm while assaulting the victim in Count II (Lance Davis),

3

and Richard assaulted the victims in Counts III and IV (Jessica and Donovan Chase) with a machete. *Id.* at 3. According to the government, following the assaults, all defendants fled the scene in the same truck driven by Martin, with Martin as the driver. *Id.*

Martin does not explain why he believes joinder of these defendants is improper. *See* Dockets 53, 54, and 55. Based on the language of the superseding indictment, Counts I-V are all alleged to have occurred on the same date and appear to be related to an overall scheme that involved all defendants. *See United States v. Massa*, 740 F.2d 629, 644 (8th Cir. 1984) ("The propriety of joinder is to be determined from the face of the indictment. . . . The factual allegations in the indictment must be accepted as true.")). Therefore, joinder of these defendants under Rule 8(b) is proper.

### B. Severance Pursuant to Fed. R. Crim P. 14(a)

When joinder is proper under Rule 8, the defendant seeking to sever his case has the burden to demonstrate how a joint trial would prejudice his right to a fair trial. *Darden*, 70 F.3d at 1526. Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"[T]here is a strong presumption against severing properly joined counts." *United States v. Garrett*, 648 F.3d 618, 626 (8th Cir. 2011) (alteration in original) (quoting *United States v. McCarther,* 596 F.3d 438, 442 (8th Cir.

2010)). To warrant severance, a defendant must demonstrate "severe or compelling" prejudice as a result of the district court's refusal to grant severance. *United States v. George*, 548 F. Supp. 2d 713, 720 (D.S.D. 2008). "[A] defendant must show 'real prejudice', that is, 'something more than the mere fact that he would have had a better chance for acquittal had he been tried separately.'" *United States v. Collins*, 240 F. Supp. 2d 1078, 1081 (D.S.D. 2002). Even when real prejudice is shown, the court must still consider "less drastic measures, such as limiting instructions," to cure any potential prejudice. *Zafiro*, 506 U.S. at 539.

Martin argues that he is being prejudiced by the motions filed by his co-defendants because they are delaying his right to a speedy trial. Docket 55 at 2. He asserts that they moved for a continuance on purpose, do not intend to go to trial, and may have plea agreements. *Id.* Further, he argues the only evidence that indicates he had involvement with this matter comes from "interested parties." *Id.* Finally, he believes that at least one of his co-defendants would testify against him in a joint trial, which he argues would violate the rule in *Bruton* regarding his Sixth Amendment right to cross-examine witnesses that testify against him if the government attempts to introduce his co-defendants' statements without calling the co-defendants to testify. *Id.* at 2-3.

The government asserts that Martin has not been prejudiced by the one 45-day continuance and that his protection against any such prejudice is the Speedy Trial Act. Docket 58 at 4. It also asserts that there is no evidence of

intentional delay by the co-defendants and that Martin does not "provide any outside of an allusion to the potential for co-defendants to have plea agreements or otherwise not intend to hold the United States to its burden in a jury trial." *Id.* 4 n.1.

The Court agrees that Martin's primary protection against the alleged prejudice caused by his co-defendant's continuance is the Speedy Trial Act and speedy trial rights under the Sixth Amendment. *See United States v. Hernandez-Castro*, 4:21CR3079, 2021 WL 5868203, at *2 (D. Neb. Dec. 10, 2021). A review of Martin's speedy trial calculation shows that his trial clock began on April 6, 2026, when he made his initial appearance in court. Docket 43. He filed his motion to sever on May 13, 2026. Docket 53. The delay resulting from Martin's pretrial severance motion is considered excludable time pursuant to 18 U.S.C. § 3161(h) ("The following periods of delay shall be excluded in computing the time within which . . . the trial of any such offense must commence: (D) delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]"). It appears that, as of today's date, only 35 days have run on Martin's trial clock.

Further, the Court notes that the continuance was granted over Martin's objection because Richard and Shangreau indicated they needed additional time to review discovery and continue plea negotiations. The Court also found that the 45-days continuance was reasonable and the ends of justice were served by continuing the trial. Docket 52. Trial is currently set for July 28,

2026. As of the filing of this order, no plea documents have been filed by any defendant in this case, and Martin's belief that the delay thus far has been intentional is not supported by the record. There has been no infringement on Martin's right to a speedy trial, and Martin has not shown real prejudice that warrants severance.

Regarding Martin's *Bruton* argument, the government agrees that "[a]dmission of a non-testifying co-defendant's confession implicating Martin would violate Martin's Sixth Amendment right to confront witnesses." Docket 58 at 5. However, it argues that *Bruton* "does not preclude the United States from introducing such a confession if the co-defendant testifies at the jury trial." *Id.* Here, Martin has expressed concern that at least one of his co-defendants would testify against him in a joint trial. The Court agrees that if a co-defendant testifies at trial and is subject to cross-examination, there is not a *Bruton* issue that warrants severance. *See United States v. Edwards*, 159 F.3d 1117, 1124 (8th Cir. 1998) ("The right of confrontation includes the right to cross-examine witnesses. Therefore, where two defendants are tried jointly, the pretrial confession of one cannot be admitted against the other unless the confessing defendant takes the stand." (quoting *Richardson v. Marsh,* 481 U.S. 200, 206–07 (1987)); *see also United States v. Coco*, 926 F.2d 759, 761 (8th Cir. 1991) ("*Bruton*'s prohibition applies only when the declarant co-defendant does not testify at trial."). If Martin's co-defendant(s) do not testify at trial, any statement that directly implicates Martin cannot be used, unless the statement is redacted to eliminate any reference to Martin and the jury is instructed to

consider the out-of-court statement only against the declarant-defendant. *See Richardson*, 481 U.S. at 208; *Bruton v. United States*, 391 U.S. 123, 137 (1968).

The Court denies Martin's motion to sever because joinder is appropriate and he did not meet his burden of proving prejudice that justifies severance under Rule14(a).

### ORDER

Based on the foregoing discussion and facts, it is hereby

ORDERED that Defendant Martin's motion to sever, Docket 53, is denied.

Dated June 17, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE

8